## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO. 24-CV-11341-RGS**

JAMES LUCIEN,

                    Plaintiff,

v.

BOSTON POLICE OFFICERS JOHN BRAZIL,
GEORGE FOLEY, WILLIAM MAHONEY,
BRIAN BLACK, ROBERT MANNING,
WILLIAM BRATTON, JOSEPH V. SAIA, JR.,
ROBERT P. DUNFORD, JOSEPH DUNFORD,
EDWARD J. McNELLEY, HAROLD C.
PREFONTAINE and UNKNOWN BOSTON
POLICE OFFICERS, and the CITY OF BOSTON,

                    Defendants.

## EDWARD J. McNELLEY'S ANSWER TO COMPLAINT
## AND JURY DEMAND

Edward J. McNelley ("Defendant") answers plaintiff James Lucien's (the "Plaintiff")
Complaint as follows:

### INTRODUCTION

1.      Denied.

2.      Defendant admits that plaintiff spent 26 years incarcerated but otherwise denies the

allegations contained in this paragraph.

3.      Denied.

4.      Denied

5.      Denied.

6.      Denied.

7.      Denied.

## JURISDICTION AND VENUE

8.      This paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, Defendant admits that the Plaintiff asserts claims under 42 U.S.C § 1983 and Massachusetts law and otherwise denies the allegations contained in this paragraph.

9.      This paragraph contains legal conclusions to which no response is required.  At this stage, Defendant does not challenge the Court's jurisdiction.

10.     This paragraph contains legal conclusions to which no response is required.  At this stage, Defendant does not challenge that the Court is the proper venue for these claims or that there is personal jurisdiction.

## PARTIES

11.     Defendant denies the allegations in the first sentence of this paragraph.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph.

12.     Defendant admits that the identified police officers, with the exception of Robert Manning, were BPD officers during the time period of the investigation that is the subject of the Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of this paragraph with respect to Robert Manning and any unidentified Boston Police Department ("BPD") officers or at other time periods in the Complaint.  Defendant denies the allegations contained in the third sentence of this paragraph.

13.     Defendant admits that, with the exception of William Bratton, the identified police officers were BPD supervisors during the time period of the investigation that is the subject of the

Complaint, and that Joseph Saia, Joseph Dunford and Edward McNelley had some level of supervisory responsibility over the officers that conducted the investigation.  Defendant denies that these supervisors investigated the crime at issue in this case and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first and second sentences of this paragraph.  Defendant denies the allegations contained in the third sentence of this paragraph.

14.    This paragraph calls for legal conclusions to which no response is required.  To the extent that a response is required, Defendant admits that the City is a municipality of the Commonwealth and that BPD is a department of the City.  Defendant admits that, with the exception of William Bratton, he and the other officers were employed by the City during his time during the investigation described in the Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

15.    This paragraph contains legal conclusions to which no response is required.

16.    Defendant admits that the Complaint purports to bring claims against him in an individual capacity.

## FACTS

17.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28.     Defendant denies any knowledge that Detective Brazil was part of a group of Boston police officers that allegedly stole money from crime scenes at the time, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

29.     Denied.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34.     Defendant denies that he knew of any misconduct by Brazil until the allegations of such misconduct became public.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the knowledge or actions of other supervisors.

35.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36.     To the extent that this paragraph is addressed to Defendant, it is denied.  To the extent that this paragraph is addressed to others, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38.     To the extent that this paragraph is addressed to Defendant, it is denied.  To the extent that this paragraph is addressed to others, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42.     Defendant denies ignoring any admissions of Clarke and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

45.     To the extent that this paragraph is addressed to Defendant, it is denied.  To the extent that this paragraph is addressed to others, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

46.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

47.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

48.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

49.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

50.     To the extent that this paragraph is addressed to Defendant, it is denied.  To the extent that this paragraph is addressed to others, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

51.     To the extent that this paragraph is addressed to Defendant, it is denied.  To the extent that this paragraph is addressed to others, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

52.     To the extent that this paragraph is addressed to Defendant, it is denied.  To the extent that this paragraph is addressed to others, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

53.     To the extent that this paragraph is addressed to Defendant, it is denied.  To the extent that this paragraph is addressed to others, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

54.     To the extent that this paragraph is addressed to Defendant, it is denied.  To the extent that this paragraph is addressed to others, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

55.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

58.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

59.     To the extent that this paragraph is addressed to Defendant, it is denied.  Defendant specifically denies any knowledge of any of the alleged wrongdoing by Brazil in this case or any other case at the time of the investigation and prosecution of Plaintiff.  To the extent that this paragraph is addressed to others, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

60.     To the extent that this paragraph is addressed to Defendant, it is denied.  Defendant specifically denies any knowledge of any of the alleged wrongdoing by Brazil in this case or any other case at the time of the investigation and prosecution of Plaintiff.  To the extent that this paragraph is addressed to others, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

61.     To the extent that this paragraph is addressed to Defendant, it is denied.  Defendant specifically denies any knowledge of any of the alleged wrongdoing by Brazil in this case or any other case at the time of the investigation and prosecution of Plaintiff.  To the extent that this paragraph is addressed to others, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

62.     To the extent that this paragraph is addressed to Defendant, it is denied.  Defendant specifically denies any knowledge of any of the alleged wrongdoing by Brazil in this case or any other case at the time of the investigation and prosecution of Plaintiff.  To the extent that this paragraph is addressed to others, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

63.     To the extent that this paragraph is addressed to Defendant, it is denied.  Defendant specifically denies any knowledge of any of the alleged wrongdoing by Brazil in this case or any other case at the time of the investigation and prosecution of Plaintiff.  To the extent that this

paragraph is addressed to others, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

     64.     Denied.

     65.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

     66.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

     67.     Denied.

     68.     Denied.

     69.     Denied.

     70.     Denied.

     71.     Denied.

     72.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

     73.     Denied.

     74.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

     75.     Denied.

     76.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

     77.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

78.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

79.     Denied.

80.     Denied.

81.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

82.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

83.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

84.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

85.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

86.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

87.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

88.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

89.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

90.     Denied.

## COUNT I
### 42 U.S.C. § 1983 – Due Process

91.     Defendant restates and incorporates by reference its answers to the allegations contained in paragraphs 1–90 as if set forth fully herein.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    The allegations in this paragraph are directed to a party other than Defendant, and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

102.    The allegations in this paragraph are directed to a party other than Defendant, and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

103.    The allegations in this paragraph are directed to a party other than Defendant, and thus no response is required.  To the extent a response is required, Defendant admits that BPD promulgated rules, policies, and procedures on some or all of the topics identified.

104.    Defendant admits that employees of BPD, including those members of BPD that investigated crimes in Boston, were required to follow the rules, regulations, policies, and procedures implemented by BPD but otherwise denies the allegations contained in this paragraph.

105.    The allegations in this paragraph are directed to a party other than Defendant, and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

106.    To the extent that this paragraph is addressed to Defendant, it is denied.  Defendant specifically denies any knowledge of any of the alleged wrongdoing by Brazil in this case or any other case at the time of the investigation and prosecution of Plaintiff.  To the extent that this paragraph is addressed to others, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

107.    Defendant admits that Foley suffered mental health issues that impacted his work, that Foley was placed on leave at some point, and that he recalls a memorandum passed up the chain of command regarding an incident involving false accusations made by Foley in connection with the Mulligan case, but Defendant is without knowledge or information sufficient to form a belief as the to truth of the remaining allegations of the first sentence of this paragraph.  To the extent that the second sentence of this paragraph is addressed to Defendant, it is denied.  Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

108.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph.  To the extent that the second sentence of this paragraph is addressed to Defendant, it is denied.  Defendant is otherwise

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

109.    The allegations in this paragraph are directed to a party other than Defendant, and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

110.    The allegations in this paragraph are directed to a party other than Defendant, and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

111.    The allegations in this paragraph are directed to a party other than Defendant, and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

112.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant specifically denies any knowledge of any of the alleged wrongdoing by Brazil in this case or any other case at the time of the investigation and prosecution of Plaintiff.

113.    The allegations in this paragraph are directed to a party other than Defendant, and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

114.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

115.    The allegations in this paragraph are directed to a party other than Defendant, and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in the first sentence of this paragraph.  Defendant is without knowledge or information

- 13 -

sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph.

116.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

117.    To the extent that this paragraph is addressed to Defendant, it is denied.  To the extent that this paragraph is addressed to others, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

118.    The allegations in this paragraph are directed to a party other than Defendant, and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

119.    The allegations in this paragraph are directed to a party other than Defendant, and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

120.    The allegations in this paragraph are directed to a party other than Defendant, and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

121.    Denied.

## COUNT II
### 42 U.S.C. § 1983 – Federal Malicious Prosecution

122.    Defendant restates and incorporates by reference its answers to the allegations contained in paragraphs 1–121 as if set forth fully herein.

123.    Denied.

124.    Denied.

125.    To the extent that this paragraph is addressed to Defendant, it is denied.  To the extent that this paragraph is addressed to others, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    This paragraph contains a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

131.    The allegations in this paragraph are directed to a party other than Defendant, and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

**COUNT III**
**42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights**

132.    Defendant restates and incorporates by reference its answers to the allegations contained in paragraphs 1–131 as if set forth fully herein.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    The allegations in this paragraph are directed to a party other than Defendant, and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

**COUNT IV**
**42 U.S.C. § 1983 – Failure to Intervene**

139.   Defendant restates and incorporates by reference its answers to the allegations contained in paragraphs 1–138 as if set forth fully herein.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied.

144.   The allegations in this paragraph are directed to a party other than Defendant, and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

**COUNT V**
**Intentional Infliction of Emotional Distress**

145.   Defendant restates and incorporates by reference its answers to the allegations contained in paragraphs 1–144 as if set forth fully herein.

146.   Denied.

147.   Denied

148.   Denied.

149.   This paragraph contains a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

150.   Denied.

151.   Denied.

**COUNT VI**
**State Law Claim – Malicious Prosecution**

152.     Defendant restates and incorporates by reference its answers to the allegations contained in paragraphs 1–151 as if set forth fully herein.

153.     Denied.

154.     Denied.

155.     Denied.

156.     Denied.

157.     This paragraph contains a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

**COUNT VII**
**State Law Claim – Negligence**

158.     Defendant restates and incorporates by reference its answers to the allegations contained in paragraphs 1–157 as if set forth fully herein.

159.     This paragraph contains a legal conclusion to which no response is required.

160.     Denied.

161.     Denied.

162.     Denied.

**COUNT VIII**
**State Law Claim – Negligent Infliction of Emotional Distress**

163.     Defendant restates and incorporates by reference its answers to the allegations contained in paragraphs 1–162 as if set forth fully herein.

164.     This paragraph contains a legal conclusion to which no response is required.

165.     Denied.

166.     Denied.

167.    Denied.

## COUNT IX
### State Law Claim – Mass. Gen. Laws., c. 12, § 11I

168.    Defendant restates and incorporates by reference its answers to the allegations contained in paragraphs 1–167 as if set forth fully herein.

169.    Denied.

170.    This paragraph contains a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

## COUNT X
### State Law Claim – Civil Conspiracy

171.    Defendant restates and incorporates by reference its answers to the allegations contained in paragraphs 1–170 as if set forth fully herein.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

## AFFIRMATIVE DEFENSES

Further answering, Defendant McNelley asserts the following affirmative defenses:

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Defendant at all times acted in good faith upon reasonable belief that his actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### Third Affirmative Defense

Plaintiff, by his own acts, omissions, or negligence, is estopped from asserting any claims against Defendant.

### Fourth Affirmative Defense

Defendant's acts and conduct were performed according to, and protected by, law and/or legal process and, therefore, Plaintiff cannot recover.

### Fifth Affirmative Defense

Plaintiff has not sufficiently alleged that Defendant engaged in threats, intimidation, or coercion for the purpose of interfering or attempting to interfere with the exercise or enjoyment by Plaintiff of rights secured by the constitutions or laws of the Commonwealth of Massachusetts or United States.

### Sixth Affirmative Defense

Defendant is immune from suit because his actions are protected by the doctrine of qualified immunity.

### Seventh Affirmative Defense

Plaintiff has not been deprived of any rights secured by the Constitution, the laws of the United States, or the laws of the Commonwealth of Massachusetts.

### Eighth Affirmative Defense

Defendant is immune from suit because his actions are protected by the doctrine of common-law immunity.

### Ninth Affirmative Defense

Plaintiff's injuries and/or damages, if any, were proximately caused by his own negligent or intentional conduct and/or by the conduct of others, not by the conduct of Defendant.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitation.

### Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part because Defendant had no realistic opportunity to intervene to prevent harm to Plaintiff, if any, from occurring.

### Twelfth Affirmative Defense

Plaintiff's claims are barred under the principles of *res judicata*, issue preclusion, claim preclusion and estoppel.

### Twelfth Affirmative Defense

Defendant is immune from liability under M.G.L. c. 258.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred because Defendant did not commence or continue the criminal proceeding against Plaintiff.

### Fourteenth Affirmative Defense

If Plaintiff suffered damages, which is denied, his damages were caused by the intentional acts of third parties over whom Defendant had no control and for whom Defendant was not responsible.

### Fifteenth Affirmative Defense

Defendant reserves the right to amend his answer and assert such other and further defenses as may become available or apparent during pretrial proceedings in this litigation and to rely on affirmative defenses asserted by other parties to this litigation.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court dismiss the

Plaintiff's Complaint, enter judgment in his favor, and grant such other and further relief as this

Court deems just and proper.

### JURY DEMAND

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: October 1, 2024

Respectfully submitted,
**EDWARD J. McNELLEY,**
by his attorney,

**ADAM N. CEDERBAUM**
Corporation Counsel

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr. (BBO # 644331)
Senior Assistant Corporation Counsel
Jeffrey F. Frank (BBO # 714072)
Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Square, Room 615
Boston, MA 02201
(617) 635-4045 (EFW)
(617) 635-4031 (JFF)
edward.whitesell@boston.gov
jeffrey.frank@boston.gov

**Certificate of Service**

I, Edward F. Whitesell, Jr., hereby certify that on October 1, 2024, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by First Class Mail to all non-registered participants.

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr.