**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JAMES LUCIEN,<br><br>Plaintiff,<br><br>v.<br><br>JOHN BRAZIL, *et al*.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:24-cv-11341<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO SUBSTITUTE AND APPOINT REPRESENTATIVES</u>**

Plaintiff, James Lucien, submits this memorandum in support of his motion to permit him to proceed against Deceased Defendants GEORGE FOLEY and WILLIAM MAHONEY ("Decedents") in their own names, through Defendant City of Boston, as follows:

## INTRODUCTION

Defendants Foley and Mahoney fabricated evidence that led to Plaintiff's wrongful conviction for murder. Dkt. No. 1. Plaintiff, therefore, brought claims against them under 42 U.S.C. §1983. *Id*. Plaintiff was advised that these two Defendants are deceased.

Massachusetts law allows Plaintiff to proceed against these Defendants through the entity that will be responsible for paying any judgment. Here, the entity responsible for judgments against Defendants Foley and Mahoney is Defendant City of Boston. Plaintiff may, therefore, proceed with his claims against these two Defendants through Defendant City of Boston.

## PROCEDURAL BACKGROUND

On May 21, 2024, Plaintiff filed this lawsuit alleging that Defendants framed him for a murder that he did not commit. Dkt No. 1. As a result of Defendants' misconduct, Plaintiff spent more than 26 years in prison before he was exonerated. *Id*. 2. Defendants named in the

Complaint are John Brazil, George Foley, William Mahoney, Brian Black, Robert Manning, William Bratton, Joseph V. Saia, Jr., Robert P. Dunford, Joseph Dunford, Edward J. Mcnelley, Harold C. Prefontaine, Unknown Boston Police Officers, and The City of Boston. *Id*.

Defendants City of Boston, Black, Bratton, Saia, Rober Dunford, and Edward McNelley all filed timely appearances and/or otherwise responded to the Complaint. Dkt. No. 14, 32-33, 35-38. Defendant City of Boston's attorneys have been in touch with Defendants Prefontaine and Joseph Dunford and believes that its attorneys may file a timely answer to Plaintiff's Amended Complaint on behalf of them. Defendant Brazil was served with a Summons and Complaint but failed to answer (this Defendant is the subject of a separate motion seeking default judgment). Dkt. Nos. 4, 20, and 23; *see also* Dkt. No. 43.

Defendant Foley was served with a Summons and Complaint through service on his daughter on June 24, 2024. Dkt. No. 8. Defendant Mahoney was served with a Summons and Complaint through service on Joan Mahoney on June 23, 2024. Dkt. No. 9. By email on October 17, 2024 and while conferring on October 21, 2024,[1] Defendant City of Boston advised Plaintiff that Defendants Foley and Mahoney are deceased. *See* Ex. 1. Plaintiff confirms that representation here by providing their obituaries. *See* Ex. 2, 3.

Plaintiff was unable to locate any open probate proceedings instituted for Defendant Foley and/or Mahoney. Plaintiff did find an old probate docket for Defendant Foley, which appears to have been closed for over 10 years. *See* Ex. 4.

---

[1] Plaintiff certifies that he did confer with Defendant City of Boston regarding the relief sought in this motion under Local Rule 7.1, but the parties were unable to resolve the issues here.

## ARGUMENT

### A. Plaintiff's Claims against Deceased Defendants Are Proper

The Civil Rights Act directs that where federal law is "deficient in the provisions necessary to furnish suitable remedies and punish offenses against law," a federal court must look to the laws of the state where it sits to afford remedies under the law. 42 U.S.C. §1988; *see also Echavarria v. Roach et al.*, No. 1:16-cv-11118 (D. Mass.) (docket entry 92, text order dated 4/28/2017).

Here, Massachusetts law provides a remedy to allow Plaintiff to proceed against representatives of Deceased Defendants. A personal representative may be served in an action if the lawsuit is commenced within three years of the accrual of claims "for personal injury or death." M.G.L. c. 190B, §3-803(d)(2). *See also Fellows v. Perenzin*, No. 001445A, 2003 WL 734416, at *1 (Mass. Super. Ct., Jan. 8, 2003) (explaining the same under the prior iteration of the probate statute).

In such a case, satisfaction of the judgment must be sought from a liability bond or insurance policy, not from the general assets of the estate. In addition, where a "personal representative has not been appointed," an action may proceed "naming the decedent as the defendant" and completing service of process on the entity providing the liability bond or insurance. M.G.L. c. 190B, §3-803(d)(2). Plaintiff unequivocally intends only to pursue satisfaction of any judgment against any deceased Defendant through Defendant City of Boston and not from any estate. There are no currently serving personal representatives. Service on Defendant City of Boston is, therefore, proper.

This three-year accrual rule supersedes the general rule that actions must be commenced within one year of the death of the deceased. *See* M.G.L. c. 190B, § 3-803(a). Consistent with the

mandate of the Civil Rights Act to look to state law to allow persons to challenge unlawful government conduct, judges in this District have invoked this provision to allow for plaintiffs to proceed against defendants who were deceased before the claims accrued.

Judge Sorokin in *Rosario v. Waterhouse, et al.* analyzed the issue in depth and concluded that the civil rights plaintiff there, who alleged similar allegations to Plaintiff here, could proceed against the deceased defendants under §3-803(d)(2). *Rosario v. Waterhouse*, No. 1:19CV-10532-LTS, 2019 WL 4765082, at 3-4 (D. Mass. Sept. 27, 2019). Judge Sorokin subsequently allowed for direct service on the Defendant City of Braintree there after it was determined that there was no open estate for the previously deceased defendants. *Rosario v. Waterhouse*, No. 1:19CV-10532-LTS, Dkt. No. 92 (February 3, 2020) (attached as Ex. 5). Likewise, Judge Guzman allowed for a wrongful conviction claim in *Cifizzari v. Town of Milford et al*, Civil No. 4:22-cv-40139-MRG to proceed against deceased defendants there through their municipal employer/indemnitor. *See Cifizzari v. Town of Milford*, No. 4:22-cv-40139-MRG, 2024 WL 869149, at *4 (D. Mass. Feb. 29, 2024). Similarly, Judge Talwani allowed the wrongful conviction plaintiff in, to proceed against previously deceased defendants, and to discern whether service would be on personal representatives or any entity providing insurance or a liability bond. *Weichel v. Town of Braintree et al*, No. 1:20-cv-11456, Dkt. No. 86 (May 13, 2021) (attached as Ex. 6).

In short, the appointment and/or substitution of a representative for a previously deceased defendant generally and against a municipal indemnitor is routinely done under the mandate of the Civil Rights Act to allow plaintiffs to vindicate their rights. Massachusetts law provides the mechanism for Plaintiff to proceed against all of those who violated his rights.

**1. Plaintiff filed his claims within three years of accrual.**

Plaintiff's claims fully accrued in 2023 when the Commonwealth ended its wrongful prosecution of Plaintiff. Plaintiff filed his Complaint on May 21, 2024, within three years after his claims accrued. Dkt. No. 1, ¶¶84-89. Although the statute of limitations for a § 1983 case is based on state law (here three years), the accrual date "'is a question of federal law that is *not* resolved by reference to state law.'" *Williams v. City of Boston*, 771 F. Supp. 2d 190, 201 (D. Mass. 2011) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in *Wallace*)); *see also Hernandez-Cuevas v. Taylor*, 723 F.3d 91, 96 (1st Cir. 2013) (same). A cause of action accrues only when "the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Heck v. Humphrey*, 512 U.S. 477, 488 (1993) (internal quotes and citation omitted). *Heck* provides that claims that would necessarily impugn a conviction cannot be brought until after the criminal proceedings underlying the conviction are completed. *Id*. at 486-87; *see also Thompson v. Clark*, 596 U.S. 36 (2022); *Statchen v. Palmer*, 623 F.3d 15, 18 n.1 (1st Cir. 2010).

Here, Plaintiff's claims did not accrue until the criminal proceedings that resulted in his wrongful conviction and incarceration were dismissed. *Id*. Because Plaintiff filed this action well within three years of that date, he may pursue claims against Deceased Defendants' indemnitor representative.

**2. Plaintiff's claims are for "personal injury."**

A claim that the violations of rights caused a wrongful conviction is inherently one for personal injury, so the three-year accrual rule for deceased defendants applies. *See, e.g., Rosario v. Waterhouse*, No. 1:19-CV-10532-LTS, 2019 WL 4765082, at *3 (D. Mass. Sept. 27, 2019) ("Given that Massachusetts courts consistently embrace a broad understanding of personal injury

claims, the Court concludes that Rosario's claims constitute 'an action for personal injury' within the meaning of subsection (d)(2)") (citing *Pomeroy v. Ashburnham Westminster Reg'l Sch. Dist.*, 410 F. Supp. 2d 7, 12-13 (D. Mass. 2006) (holding that an action under 42 U.S.C. § 1983 alleging a deprivation of procedural due process should be treated as a claim for personal injury under Massachusetts law); *Litif v. United States*, 682 F. Supp. 2d 60, 83 (D. Mass. 2010), *aff'd*, 670 F.3d 39 (1st Cir. 2012) (holding that "[d]amages to the person need not be physical" under Massachusetts law); and *Harrison v. Loyal Protective Life Ins. Co.*, 396 N.E.2d 987, 989 (Mass. 1979) (rejecting a "narrow construction of 'damage to the person' ")). Plaintiff's claims against the deceased Defendants, therefore, fall under the three-year accrual rule of the Massachusetts Uniform Probate Code.

**3. Claims under the Civil Rights Act survive a defendant's death.**

Courts in this District, including in the cases of *Cifizzari*, *Weichel* and *Rosario* (among others), recognize that claims under the Civil Rights Act against deceased defendants for fabricating inculpatory evidence and suppressing exculpatory evidence are viable even if a case is commenced after the death of a defendant. *Cifizzari*, 2024 WL 869149, at *1 (D. Mass. Feb. 29, 2024). Courts in this District, consistent with the Civil Rights Act itself, adjudicate previously deceased defendants for claims such as Plaintiff's. *See e.g. Limone v. Condon*, 372 F.3d 39 (1st Cir. 2004); *Cifizzari; Weichel*; *Rosario*.

**B. Pursuing Claims against the Deceased Defendants through their Municipal Employer is Proper**

Plaintiff's request to serve Defendant City of Boston for the actions against Deceased Defendants is proper. Massachusetts law allows for a plaintiff to proceed against an entity if that entity may be obligated to pay for a resulting judgment.

Serving a municipality is not an extraordinary remedy. Massachusetts law already has a mechanism to serve public employers. *See* M.G.L. c. 258 § 6 ("The public attorney shall defend all civil actions brought against a public employer or public employee of the commonwealth pursuant to this chapter. Service of process for such civil action shall be made upon the public attorney or, where no such public attorney has been employed for such purpose at the time service is made, service shall be made upon the executive officer of such public employer.").

That Defendant City of Boston is a *de facto* liability bond holder and/or liability insurance provider through indemnification allows Plaintiff to serve it to pursue claims against its employees. *See Cifizzari*, 2024 WL 869149, at *4; *Rosario*, 2019 WL 4765082, at *3-4. What was at issue in *Cifizzari* and *Rosario* was whether the municipality would be called upon to cover the liability of its employees so that the obligation could be considered a "policy of liability bond" under Mass. Gen. Laws ch. 190B, §3-803(d)(2). *See Cifizzari*, 2024 WL 869149, at *3; *Rosario*, 2019 WL 4765082, at *3.

The Court in *Rosario* noted that the definition of "liability bond" was not defined in the statute itself, so it used the term in its ordinary sense. *Rosario*, 2019 WL 4765082, at *3 (citing *Casey v. Mass. Elec. Co.*, 467 N.E.2d 1358, 1362 (Mass. 1984)). It then noted that "at its most elementary, a bond is simply a 'written promise to pay money or do some act if certain circumstances occur.'" *Id*. (citing Black's Law Dictionary 200 (Bryan A. Garner ed., 9th ed. 2009)). A "liability bond" is a "bond intended to protect the assured from a loss arising from some event specified in the bond." *Id*.

Whether the promise to pay or commit an act is labeled a "liability bond" is irrelevant to determine whether a party can proceed against a municipality as Plaintiff seeks here:

> Critically, in determining whether the City's indemnification obligation is a liability bond for purposes of the statute, the Court "disregard[s] nomenclature

> and look[s] at the substance of the bond itself," noting that "it makes no difference whether a bond is designated by that name or by some other, if it possesses the characteristics of a bond."

*Rosario*, 2019 WL 4765082, at *3 (citing 1 Silvester E. Quindry, Bonds & Bondholders Rights & Remedies § 2, at 3-4 (1934)); *see also Cifizzari*, 2024 WL 869149, at *4.

Defendant City of Boston's indemnification of its employees for claims against law enforcement employees is a "policy of liability bond" or "liability insurance" for purposes of proceeding directly against the municipalities:

> Here, the legislature allowed personal injury plaintiffs to proceed against decedents when they are protected by precisely the sort of written promise that the City gives to its employees. Thus, the City's indemnification obligation must be understood as "a policy of liability bond" within the meaning of subsection (d)(2).

*Rosario*, 2019 WL 4765082, at *3.

There are very important policy reasons that support interpreting a duty to indemnify as a "liability bond" for purposes of allowing a direct action against the obligor. "First, an alternative reading would provide a windfall to municipalities whenever their employees cause personal injury or death but pre-decease the expeditious filing of a lawsuit, thus visiting grave injustice on injured parties." *Id*., at *4 (citing *Nutter v. Woodard*, 614 N.E.2d 692, 695 (Mass. App. Ct. 1993) ("For us to rule against [the plaintiff] in these circumstances would be to allow the insurer [or bond provider] a windfall due to the fortuity that there was but one potentially negligent party for [the plaintiff] to sue.")).

Second, the legislative concerns that justify a shorter statute of limitations for claims against decedents have no force when municipal indemnification, rather than the assets of an estate, will support a final judgment. *Rosario,* 2019 WL 4765082, at *4 (citing *Doyle v. Moylan*, 141 F. Supp. 95, 97 (D. Mass. 1956) (noting that the Massachusetts legislature truncated the statute of limitations to "facilitate the prompt settlement of estates"); *accord Hanna v. Plumer*,

380 U.S. 460, 463 n.1 (1965). Allowing Plaintiff to proceed by serving the Defendant City of Boston would avoid a statutory "construction ... that would lead to an absurd and unreasonable conclusion," and instead adopt "a construction that would lead to a logical and sensible result." *Id*. (quoting *Arlington Contributory Ret. Bd. v. Contributory Ret. Appeal Bd.*, 914 N.E.2d 957, 963 (Mass. App. Ct. 2009)) (quoting *Bell v. Treasurer of Cambridge*, 38 N.E.2d 660, 664 (Mass. 1941)).

Another basis to allow the relief sought by Plaintiff here is that it will effectuate the purposes of federal civil rights laws, including 42 U.S.C. § 1983. Congress expressly provided in section 1988(a) that:

> the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil . . . cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, *shall* be extended to and govern the said courts in the trial and disposition of the cause[.]

42 U.S.C. § 1988 (emphasis added); *see also Hardin v. Straub*, 490 U.S. 536, 538 (1989). The statute's command that federal courts adopt state laws to the extent necessary to allow for civil rights actions to be prosecuted is mandatory. *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354 (2018) ("The word 'shall' generally imposes a nondiscretionary duty.").

### C. PLAINTIFF'S MOTION TO SUBSTITUE IS PROPER UNDER FEDERAL RULE OF CIVIL PROCEDURE 25

Finally, Rule 25 supports Plaintiff's motion to substitute. To be clear, Plaintiff's motion is only partially premised on Federal Rule of Civil Procedure 25 (for the portion seeking substitution only, as opposed to appointment). Plaintiff agrees that Rule 25 is generally a process for substituting a party after a suggestion of death is filed for a current party. Fed. R. Civ. P. 25(a)(1). But that is nearly the procedural posture here (though no suggestion of death has been filed).

## CONCLUSION

Plaintiff seeks the most direct remedy that will allow him to pursue his claims against Deceased Defendants, alleging that his rights were violated. The remedies are administrative and do not adversely impact the substantive position of any party. The remedy allowing Plaintiff to proceed with his claims against the deceased Defendants through Defendant City of Boston, which is obligated to indemnify its employees, is in the interest of justice because it will allow Plaintiff to vindicate his rights in this Court and will serve the important mandates of the Civil Rights Act.

October 21, 2024

RESPECTFULLY SUBMITTED,

**JAMES LUCIEN**

By: /s/ Mark Loevy-Reyes
*One of Plaintiff's Attorneys*

*Attorneys for Plaintiff*
Mark Loevy-Reyes, BBO No. 707974
Meg Gould
Loevy & Loevy
398 Columbus Avenue, #294
Boston, MA 02116
Ph: (312) 243-5900
Fax: (312) 243-5902

## CERTIFICATE OF SERVICE

I, Mark Loevy-Reyes, an attorney, hereby certify that on October 21, 2024, I filed the foregoing **PLAINTIFF'S MEMORANDUM OF IN SUPPORT OF MOTION TO SUBSTITUTE AND APPOINT REPRESENTATIVES** using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Mark Loevy-Reyes
*One of Plaintiff's Attorneys*

*Attorneys for Plaintiff*
Mark Loevy-Reyes, BBO No. 707974
Meg Gould
Loevy & Loevy
398 Columbus Avenue, #294
Boston, MA 02116
Ph: (312) 243-5900
Fax: (312) 243-5902