**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 24-CV-11341-RGS**

JAMES LUCIEN,

Plaintiff,

v.

BOSTON POLICE OFFICERS JOHN BRAZIL, GEORGE FOLEY, WILLIAM MAHONEY, BRIAN BLACK, ROBERT MANNING, WILLIAM BRATTON, JOSEPH V. SAIA, JR., ROBERT P. DUNFORD, JOSEPH DUNFORD, EDWARD J. McNELLEY, HAROLD C. PREFONTAINE and UNKNOWN BOSTON POLICE OFFICERS, and the CITY OF BOSTON,

Defendants.

**CITY DEFENDANTS' MOTION *IN LIMINE***

**TO PRECLUDE ANY REFERENCE TO OR SUGGESTION OF INDEMNIFICATION**

The City of Boston, Joseph Saia, Jr., Joseph Dunford, Edward McNelley, and Harold Prefontaine (the "City Defendants") move *in limine* to preclude any suggestion that the City can or will indemnify any current or former Boston Police Department ("BPD") employee should a verdict enter against them. This case has been bifurcated for trial. Any references to the possibility of indemnification by the City would be highly prejudicial as it may create the impression that the City will pay any potential verdict. If the jury is led to believe that the City will foot the bill for any verdict, there is a danger that they may not assess issues of liability as critically. The City Defendants further argue as follows:

1. This case has been bifurcated and neither the Monell claims against the City nor the supervisory liability claims are part of this first trial. Those claims will be tried in a second trial, if necessary. *See* ECF Doc. Nos. 135 and 137.

2. Pursuant to M.G.L. c. 258, § 9, the City may indemnify its employees, including members of BPD, with certain limitations and restrictions. This Court, the First Circuit, and the Massachusetts Supreme Judicial Court have all held that Section 9 provides for discretionary indemnification. Davis v. Coakley, 802 F.3d 128, 133 (1st Cir. 2015); Williams v. City of Brockton, CIV.A. 12-10430-JGD, 2013 WL 254778, at *4 (D. Mass. Jan. 23, 2013) (collecting cases); Triplett v. Town of Oxford, 439 Mass. 720, 726 (2003) (detailing the legislative history of Section 9 and distinguishing Section 13); Clickner v. City of Lowell, 422 Mass. 539, 542 (1996) (explaining Section 9 "provides for the permissive indemnification of public employees").

3. There is a real concern that if a jury is led to believe that the City would foot the bill for any verdict, the perceived "deep pockets" of a municipal entity would be highly prejudicial to the case.

4. Likewise, indemnification is not relevant to any issue before the jury and evidence or argument of its existence (or potential existence) would unfairly prejudice the Defendants for the same reasons. *See* Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 550 (E.D.N.Y. 2011); Nunez v. Diedrick, 2017 WL 4350572, at *2 (S.D.N.Y. June 12, 2017). The potential indemnification in this case should be precluded for the same reasons that the existence of liability insurance is inadmissible under Fed. R. Evid. 411. "More important, no doubt, has been the feeling that knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds." Fed. R. Evid. 411,

Advisory Committee's Note on Proposed Rules. The same issue exists here with the potential that the City may indemnify any current or former BPD employee.

**WHEREFORE**, the City respectfully requests that this Honorable Court: (1) grant its motion; (2) preclude all references to any potential indemnification of current or former BPD employees by the City; and (3) grant such other and further relief as it deems just and proper.

Dated: September 21, 2026

Respectfully submitted,

**THE CITY DEFENDANTS,**

By their attorneys,

MICHAEL FIRESTONE
Corporation Counsel

*/s/ Adam D. Johnson*
Edward F. Whitesell, Jr. (BBO#644331)
Senior Assistant Corporation Counsel
Adam D. Johnson (BBO#679142)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4045 (EFW)
(617) 635-4097 (ADJ)
edward.whitesell@boston.gov
adam.johnson@boston.gov

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

I, Adam Johnson., hereby certify that, in accordance with Local Rule 7.1(a)(2), counsel for the parties conferred by telephone on September 21, 2026, and attempted in good faith to resolve or narrow the issues raised by this motion but were unable to do so.

*/s/ Adam D. Johnson*
Adam D. Johnson

**CERTIFICATE OF SERVICE**

I, Adam Johnson, hereby certify that on September 21, 2026, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

*/s/ Adam D. Johnson*
Adam D. Johnson