**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 24-CV-11341-RGS**

JAMES LUCIEN,

Plaintiff,

v.

BOSTON POLICE OFFICERS JOHN BRAZIL, GEORGE FOLEY, WILLIAM MAHONEY, BRIAN BLACK, ROBERT MANNING, WILLIAM BRATTON, JOSEPH V. SAIA, JR., ROBERT P. DUNFORD, JOSEPH DUNFORD, EDWARD J. McNELLEY, HAROLD C. PREFONTAINE and UNKNOWN BOSTON POLICE OFFICERS, and the CITY OF BOSTON,

Defendants.

**THE CITY DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO PLAINTIFF'S LAWSUIT AGAINST THE COMMONWEALTH**

The City of Boston, Joseph Saia, Jr., Joseph Dunford, Edward McNelley, and Harold Prefontaine (the "City Defendants") respectfully move *in limine* to preclude James Lucien (the "Plaintiff") from referencing, arguing, or introducing evidence regarding his lawsuit against the Commonwealth of Massachusetts and the resulting settlement. Any information related to the Plaintiff's lawsuit and settlement with the Commonwealth is entirely irrelevant to the question of whether any defendant committed a negligent act or constitutional violation, and is unduly prejudicial. As further grounds for their motion, the City Defendants state as follows:

1. On February 23, 2024, Plaintiff filed a lawsuit against the Commonwealth of Massachusetts under G.L. c. 258D seeking compensation for his incarceration in connection with the Ryan Edwards Murder after the Suffolk County District Attorney

filed a *nolle prosequi* in December 2021. *See generally*, James Lucien v Commonwealth of Massachusetts, No. 2484CV00520 (Mass. Super. Ct.)

2. In July 2026, the parties in that matter reached a settlement and filed a stipulation of dismissal. *Id*. at Paper 13.

3. Under Fed. R. Evid. 401, evidence is deemed relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." However, even relevant evidence may be excluded under Fed. R. Evid. 403 if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

4. The City anticipates that the Plaintiff intends to introduce evidence or offer testimony related to the lawsuit against the Commonwealth. This is precisely the type of evidence that Fed. R. Evid. 403 aims to exclude. Evidence of the lawsuit, particularly any reference to a settlement, is highly prejudicial to Defendants and would likely mislead the jury and confuse the issues.

5. Plaintiff's lawsuit against the Commonwealth involves a single claim under G.L. c. 258D. Although Plaintiff's lawsuit against the Commonwealth involves certain overlapping facts, G.L. c. 258D involves different defendants, a different theory of liability, a different standard of proof, and a different form of relief. Additionally, the Defendants in this case were not parties to that lawsuit. Therefore, any reference to Plaintiff's lawsuit against the Commonwealth would likely mislead the jury and confuse the issues.

6. Finally, any reference to a settlement in the Plaintiff's lawsuit against the Commonwealth may lead the jury to infer wrongdoing by the individuals named as defendants in this case – who, again, were *not* parties to that lawsuit or that settlement. This inference is dangerous, would cause unfair prejudice against the Defendants, and is the type of inference barred under Fed. R. Evid. 403.

**WHEREFORE**, the City Defendants respectfully request that the Court grant their motion, exclude all evidence related to the lawsuit and settlement of Plaintiff's action against the Commonwealth, and grant such other and further relief as the Court deems just and proper.

Dated: September 21, 2026

Respectfully submitted,

**THE CITY DEFENDANTS,**

By their attorneys,

MICHAEL FIRESTONE
Corporation Counsel

*/s/ Adam D. Johnson*

Edward F. Whitesell, Jr. (BBO#644331)
Senior Assistant Corporation Counsel
Adam D. Johnson (BBO#679142)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4045 (EFW)
(617) 635-4097 (ADJ)
edward.whitesell@boston.gov
adam.johnson@boston.gov

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

I, Adam Johnson., hereby certify that, in accordance with Local Rule 7.1(a)(2), counsel for the parties conferred by telephone on September 21, 2026, and attempted in good faith to resolve or narrow the issues raised by this motion but were unable to do so.

*/s/ Adam D. Johnson*
Adam D. Johnson

**CERTIFICATE OF SERVICE**

I, Adam Johnson, hereby certify that on September 21, 2026, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

*/s/ Adam D. Johnson*
Adam D. Johnson