**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 24-CV-11341-RGS**

JAMES LUCIEN,

Plaintiff,

v.

BOSTON POLICE OFFICERS JOHN BRAZIL, GEORGE FOLEY, WILLIAM MAHONEY, BRIAN BLACK, ROBERT MANNING, WILLIAM BRATTON, JOSEPH V. SAIA, JR., ROBERT P. DUNFORD, JOSEPH DUNFORD, EDWARD J. McNELLEY, HAROLD C. PREFONTAINE and UNKNOWN BOSTON POLICE OFFICERS, and the CITY OF BOSTON,

Defendants.

**THE CITY OF BOSTON, JOSEPH SAIA, JR., JOSEPH DUNFORD, EDWARD MCNELLEY AND HAROLD PREFONTAINE'S MOTION TO EXCLUDE EXPERT TESTIMONY FROM EXPERT ANDREW SCOTT RELATED TO THE SECOND AND FOURTH OPINIONS OUTLINED IN HIS REPORT**

The City of Boston (the "City"), Joseph Saia, Jr., Joseph Dunford, Edward McNelley and Harold Prefontaine (the "Supervisor Defendants") move this Honorable Court in limine to preclude testimony by plaintiff's expert witness Andrew Scott on the second and fourth opinions set forth in his expert report. As grounds for the motion, the City and the Supervisor Defendants state as follows:

1. Andrew Scott authored an expert report on October 8, 2025 in which he outlined four distinct opinions. Opinion #2 improperly opines on whether Brazil and other police officers committed a Constitutional violation, a legal question within the province of the Court. *See Nieves-*

*Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997); *see also* Fed. R. Evid. 702. "[E]xpert legal opinion does not assist the factfinder under Rule 702." *Nieves-Villanueva*, at 100 (internal citation omitted). Scott does not limit his opinion to whether the actions of the officers complied with well-established police practices, but instead instructs the jury on *Brady* and that there was a violation of same. *Id.*, n. 12. The text of the opinion is as follows:

> **Opinion 2:**
>
> Law enforcement officers and prosecutors are required to reveal information that is exculpatory or impeaching evidence gleaned during any criminal investigation to the attorney of the person accused. Any law enforcement officer who has such information must reveal it to the prosecutor, who in turn must inform the attorney of the accused. Boston Police Department Homicide Investigator Brazil and other BPD officers failed to disclose all exculpatory evidence gleaned during their homicide investigation of Mr. Ryan Edwards. The actions of the Boston Police Department Investigators in the Edwards' homicide investigation did not comport with well-established police practices and procedures.

"In our legal system, purely legal questions and instructions to the jury on the law to be applied to the resolution of the dispute before them is exclusively the domain of the judge." *Id*. "Accordingly, expert testimony on such purely legal issues is rarely admissible." "Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *Id*. (internal quotation omitted). Opinion #2 intrudes upon the province of the Court and testimony related to it should be precluded.

2. Opinion #4 is relates to the customs and practices of the Boston Police Department ("BPD"), alleged failures in the training and supervision of BPD officers. Following the Court's rulings on bifurcation, the opinion is irrelevant. The text of the opinion is as follows:

> **Opinion 4:**
>
> Supervision of police personnel is one of the most critical components of a law enforcement organization. Boston Police Department failed to properly monitor, supervise, and discipline the actions and work product of Detective Brazil and other homicide detectives during their investigation of the murder of Mr. Edwards. BPD

> maintained a pattern or practice of failing to properly supervise its members, Det. Brazil and other members of the BPD Homicide Unit. Failure of a law enforcement agency to properly supervise its members is inconsistent with well-established police practices and procedures. In addition, BPD failed to train its police personnel about performing their duties as investigators and as supervisors, thereby leading to the failures identified above. Police training is another critical component of a law enforcement organization to ensure that its officers are acting in ways that both pursue public safety and abide by the lawful framework of policing.

BPD training and supervision has no probative value on the issue of whether any of the investigators – Brazil, Mahoney and Foley – violated Lucien's constitutional rights. This opinion should be precluded from the first trial.

**WHEREFORE**, the City and the Supervisor Defendants respectfully request that this Honorable Court grant their motion, preclude any testimony or evidence regarding expert witness Andrew Scott's second and fourth opinions, and grant such other and further relief as this Court deems just and proper.

Dated: September 21, 2026

Respectfully submitted,
**CITY OF BOSTON, JOSEPH SAIA, JR, JOSEPH DUNFORD, EDWARD MCNELLEY AND HAROLD PREFONTAINE**

By their attorneys,

MICHAEL FIRESTONE
Corporation Counsel

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr. (BBO#644331)
Senior Assistant Corporation Counsel
Adam D. Johnson (BBO#679142)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4045 (EFW)
(617) 635-4097 (ADJ)
edward.whitesell@boston.gov
adam.johnson@boston.gov

**Certificate of Compliance with Local Rule 7.1(a)(2)**

I, Edward F. Whitesell, Jr., hereby certify that, in accordance with Local Rule 7.1(a)(2), counsel for the parties conferred by email and telephone on September 21, 2024 and attempted in good faith to resolve or narrow the issues raised by this motion but were unable to do so.

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr.

**Certificate of Service**

I, Edward F. Whitesell, Jr., hereby certify that on September 21, 2026, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr.